**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                              :
MARVIN MONTGOMERY,            :    CIVIL ACTION NO. 09-4319 (MLC)
                              :
        Plaintiff,            :      MEMORANDUM & ORDER
                              :
        v.                    :
                              :
MCDONALDS CORP.,              :
                              :
        Defendant.            :
_____:
```

**THE COURT**, in an order dated August 25, 2009 ("August 2009 Order"), having dismissed the Complaint as being frivolous (dkt. entry no. 2, 8-25-09 Mem. & Order); and the plaintiff, in effect, moving for reconsideration of the August 2009 Order (dkt. entry no. 7, Mot. for Recons.), see L.Civ.R. 7.1(i); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000), that is granted "very sparingly," Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004); and it appearing that its purpose is to correct manifest errors of law or present newly discovered evidence, Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); and it further appearing that a court may grant a motion for reconsideration if the movant shows at least one of the following: (1) an intervening change in the controlling law, (2) the availability of new evidence that was

previously unavailable, or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice, id.; Cataldo, 361 F.Supp.2d at 432-33; and it also appearing that reconsideration is not warranted where (1) the movant merely recapitulates the cases and arguments previously analyzed by the court, Arista Recs., Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 416 (D.N.J. 2005); see also Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision."), or (2) the apparent purpose of the motion is for the movant to express disagreement with the court's initial decision, Tehan, 111 F.Supp.2d at 549; and it further appearing that a motion should only be granted where facts or controlling legal authority were presented to, but not considered by, the court, Mauro v. N.J. Supreme Court, 238 Fed.Appx. 791, 793 (3d Cir. 2007); and

    **THE COURT** having carefully reviewed the plaintiff's arguments; and plaintiff merely restating the frivolous arguments previously made to, and considered by, this Court; and

    **THE COURT** finding that the plaintiff (1) has not established that facts or controlling legal authority were presented to, but overlooked by, the Court, see Mauro, 238 Fed.Appx. at 793, and (2) is merely recapitulating the arguments previously raised and asserting his disagreement with the Court's decision, see Arista

2

Recs., 356 F.Supp.2d at 416; Tehan, 111 F.Supp.2d at 549; and the Court concluding that reconsideration of the August 2009 Order is inappropriate; and the Court thus intending to deny the motion; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b); and for good cause appearing:

**IT IS THEREFORE** on this      5th      day of April, 2011, **ORDERED** that the motion, in effect, for reconsideration (dkt. entry no. 7) is **DENIED.**

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

3